

Takeaway Tuesday
Season 2: Episode 1
www.nationalcac.org/takeawaytuesday

# ADDRESSING RECANTATIONS IN CHILD SEXUAL ABUSE

In most cases of child sexual abuse, there is a lack of evidence to support a child's statement. A child may be reluctant to disclose abuse, due to the dynamics of child sexual abuse and the fact that an offender may be a family member or someone close to the family. These same dynamics may lead a child to subsequently recant his or her statements of abuse. Research shows that recantation rates varying between 23-27%.

Closing a case because of a child's recantation can result in continued contact between a child and an alleged offender, potentially resulting in revictimization. The investigative team can take several steps to potentially avoid recantation and can consider actions to continue to pursue a case after a child's recantation.

## Risk Factors for Recantation (Discuss in Pre-Interview Planning)
- Unsupportive caretaker
- Alleged offender is a family member, lives in the home, or is a romantic partner of the caregiver
- Child's age (a younger child is more likely to recant)
- Family pressure
- History of domestic violence within the family



## Steps After a Recantation
After a child's recantation the original investigative team should readjourn, staff the case, review reports and any corroborative evidence, review the original forensic interview, and determine the probable cause of recantation. After interviewing collateral witnesses, then the team should determine if a recantation interview is warranted. Conducting a recantation interview before additional investigation is conducted may subject the child to additional trauma, unnecessary or incomplete interviews, or ineffective interviews.



## Possible Causes/Factors of Recantation
- Unsupportive caretaker/siblings/family members
- Cultural influences
- System trauma/response
- Offender contact with child and/or family
- Dynamics of abuse
- Victim/witness tampering
- Original statement was false



Supported by Grant No. 2017-CI-FX-K001 awarded by the Office of Juvenile Justice and Delinquency Prevention, Office of Justice Programs, U.S. Department of Justice. Points of view or opinions in this document are those of the author and do not necessarily represent the official position or policies of the U.S. Department of Justice.

## Maintain Focus on What has Occurred Since the Original Interview

If a recantation interview is warranted, the interviewer should employ the same best practice guidelines used during the initial forensic interview: Review guidelines; develop rapport; invite narrative practice; use open-ended questions; remain neutral and respectful; minimize recognition questions; and do not ask child to repeat original disclosure.



- Explore circumstances of the recantation
- What has occurred since the original forensic interview?
    - Has the child or family had contact with the alleged offender?
    - How has the child's caretaker reacted to child's disclosure?
    - Has the caregiver and/or family believed/supported the child?
    - Has the child been influenced or told to recant?
    - How does the child feel since the disclosure?
    - Has the child recanted to others?
    - Was the initial statement false or exaggerated?

## References

Azzopardi, C., Eirich, R., Rash, C. L., MacDonald, S., & Madigan, S. (2018). A meta-analysis of the prevalence of child sexual abuse disclosure in forensic settings. *Child Abuse & Neglect*, *93*, 291-304.

Brink, F. W., Thackeray, J. D., Bridge, J. A., Letson, M. M., & Scribano, P. V. (2015). Child advocacy center multidisciplinary team decision and its association to child protective services outcomes. *Child Abuse & Neglect, 46*, 174-181.

Chase, E., Sites, J., & Association of Prosecuting Attorneys. (2018). *A multidisciplinary team approach to the investigation and prosecution of child abuse cases involving recantation.* Washington, DC: Association of Prosecuting Attorneys.

Herbert, J., & Bromfield, L. (2017). Better together? A review of evidence for multi-disciplinary teams responding to physical and sexual child abuse. *Trauma, Violence and Abuse, 20*(2), 214-228.

Leach, C., Powell, M. B., Sharman, S. J., & Anglim, J. (2017). The relationship between children's age and disclosures of sexual abuse during forensic interviews. *Child Maltreatment, 22*(1), 79-88.

Leander, L. (2010). Police interviews with child sexual abuse victims: Patterns of reporting, avoidance and denial. *Child Abuse & Neglect, 34*, 192-205.

Malloy, L. C., Lyon, T. D., & Quas, J. A. (2007). Filial dependency and recantation of child sexual abuse allegations. *Journal of the American Academy of Child and Adolescent Psychiatry, 46*(2), 162-169.

Malloy, L. C., & Mugno, A. P. (2016). Children's recantation of adult wrongdoing: An experimental investigation. *Journal of Experimental Child Psychology, 145*, 11-21.

Malloy, L. C., Mugno, A. P., Rivard, J. R., Lyon, T. D., & Quas, J. A. (2016). Familial influences on recantation in substantiated child sexual abuse cases. *Child Maltreatment, 21*(3), 256-261.

Marx, S. P. (2000). Victim recantation in child sexual abuse cases: A team approach to prevention, investigation, and trial. *Journal of Aggression, Maltreatment & Trauma, 2*(2), 105-140.

McElvaney, R. (2019). Helping children tell about their experiences of sexual abuse. *Child Abuse Review, 28*(2), 166-172.

Morrison, S. E., Bruce, C., & Wilson, S. (2018). Children's disclosure of sexual abuse: A systematic review of qualitative research exploring barriers and facilitators. *Journal of Child Sexual Abuse, 27*(2), 176-194.

Supported by Grant No. 2017-CI-FX-K001 awarded by the Office of Juvenile Justice and Delinquency Prevention, Office of Justice Programs, U.S. Department of Justice. Points of view or opinions in this document are those of the author and do not necessarily represent the official position or policies of the U.S. Department of Justice.